MICHAEL T. LUCEY  (SBN:  099927)
mlucey@gordonrees.com
KEVIN D. WHITTAKER  (SBN:  224700)
kwhittaker@gordonrees.com
ROSE-ELLEN H. FAIRGRIEVE (SBN: 181257)
rfairgrieve@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants
SAM'S WEST, INC. and
MICHAEL RODRIGUEZ

Clayeo C. Arnold, SBN 65070
Christine M. Doyle, SBN 106865
**CLAYEO C. ARNOLD
A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916) 924-1829
Email: cdoyle@justice4you.com

Anthony J. Poidmore, Esq., SBN 51346
**LAW OFFICES OF ANTHONY J. POIDMORE**
A Professional Law Corporation
1520 Eureka Road, Suite 101
Roseville, CA 95661
Telephone: (916) 787-1290
Facsimile: (916) 787-1293

Attorneys for Plaintiff
AUDRA HODGES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDRA HODGES, | No.  2:14-cv-00342-JAM-DAD |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| SAM'S WEST, INC., MICHAEL RODRIGUEZ and DOES 1 through 50, | |
| Defendants. | |

-1-
STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of private information, and highly sensitive, confidential financial or proprietary business information, that has not been disseminated to the public at large and which is not readily discoverable by competitors, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Any party may designate as "Confidential" any document, thing, testimony, information, material or other information derived therefrom, disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth, which a party considers in good faith to contain information involving confidential personal information, trade secrets, or confidential business or financial information.

2. **DEFINITIONS**

2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that have been treated as confidential by the information

holder and that qualify for protection under standards developed under applicable legal principles which shall only be disclosed to the parties to this litigation and their respective House and Outside Counsels, as set forth in section 7.2 below.  Such information shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties.

    2.4    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5.    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.6.    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential"

    2.7.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

    2.8.    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.9.    <u>House Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties, including contract attorneys engaged by a Party to provide legal advice.

    2.10.    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staff).

    2.11.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.12.    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to or possessed by the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION AND USE**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Nothing contained herein, however, is intended to limit or prevent a party from introducing evidence at trial to prove its case. Absent a specific order by this Court, once designated as "CONFIDENTIAL," such designated information shall be used solely in connection with this litigation, and not for any business, competitive, governmental, or other purpose or function, and such information shall not be disclosed to anyone except as provided herein.

Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Protected Material provided such communication or advice shall not disclose or reveal Protected Material.

5. **DESIGNATING PROTECTED MATERIAL**

   5.1. <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection.</u>

   Each Party or non-party that designates information or items for protection under this

Stipulation and Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Order.

Mass, indiscriminate, or routinized designations, or designations that are shown to be clearly unjustified are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) shall expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Stipulation and Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated

which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted ("CONFIDENTIAL").

(b) <u>for testimony given in deposition or in other proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix to conspicuously on each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to

assure that the material is treated in accordance with the provisions of this Order, subject to the provisions below.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1.    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2.    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly, either by telephone or in writing, with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event of non-cooperation attempted to engage, in this meet and confer process first.

    6.3.    <u>Judicial Intervention</u>. A Party that elects to challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the proponent of confidentiality.  Until the court rules on the challenge, or unless and until the Designating Party withdraws the "CONFIDENTIAL" designation, all parties shall continue to afford the material in question the

level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following final resolution of the litigation, a Receiving Party shall comply with the provisions of Section 11, below (FINAL DISPOSITION). Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

    7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)    the parties' counsel in this action, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (b)    the parties and their parents and subsidiaries, including their present and former officers, directors, partners, or employees (including House Counsel), and potential or actual class members, who are assisting counsel in the preparation of the case, provided that the materials designated CONFIDENTIAL may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

    (c)    the Court and court personnel;

    (d)    deposition officers, court reporters, and videographers used in connection with this litigation, for purposes of preparing transcripts;

    (e)    employees of outside copying, printing, binding, litigation support, or computer input services;

(f) any person who is an author, original source of information, addressee, or intended recipient of, or who previously had access to, the Confidential information;

(g) Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in the action;

(h) persons who have been retained by any party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(i) during their depositions, deposition witnesses to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to deposition that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(i) any other person as to whom the party that designated the document or information as "CONFIDENTIAL" has consented to disclosure in advance; and

(j) such other persons as the parties may agree or may be ordered by the Court.

7.3. Prior to disclosure of any material designated "CONFIDENTIAL" to any person described in paragraph 7.2 subsections (a)-(i) hereof, such person shall be advised of the terms of this Stipulated Protective Order and shall agree to be bound by it.

7.4 Prior to disclosure of any material designated "CONFIDENTIAL" to any person described in paragraph 7.2 subsections (h)-(j) hereof, such person shall be given a copy of this Stipulated Protective Order and shall sign a certification in the form of Exhibit A attached hereto. Such signed and completed certification shall be retained by the attorneys of record for the Receiving Party.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation or

Court proceedings that require disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party shall notify the Designating Party, in writing (by fax or email, if possible) promptly and in no event more than four court days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

The Designating Party shall also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Protective Order. In addition, the Designating Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

11. **FINAL DISPOSITION**

Within sixty days (60) after the conclusion of this action, including the expiration or exhaustion of all rights to appeal, each Receiving Party shall, at the election of the Receiving Party, either (a) return all documents and copies containing Protected Material (including, but not limited to, copies in the possession or control of any expert or employee) to the Producing Party, or (b) promptly destroy all such documents and copies and provide a written certification to the Producing Party and to any Designating Party to that effect. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and until the Clerk has closed the action, unless otherwise ordered.

13. **MISCELLANEOUS**

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  **No Waiver**.  Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by any privilege or work product protection.  Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by notice to the parties' respective counsel at the time of any deposition or similar proceeding or production of material.

12.4  **Application to Disclosing Party's Own Information**.  This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.  Neither this Protective Order, nor any disclosure permitted pursuant to this Protective Order, shall be used to relieve either party of liability for a disclosure of confidential information or trade secret information that was disclosed prior to the execution of this Protective Order by all parties hereto.

Datedne 16, 2014                    GORDON & REES LLP

                                    By:  /s/ Rose-Ellen Fairgrieve
                                         Kevin D. Whittaker
                                         Rose-Ellen Fairgrieve
                                         Attorneys for Defendants SAM'S WEST, INC. and MICHAEL RODRIGUEZ

Dated: June 16, 2014                CLAYEO C. ARNOLD
                                    A Professional Law Corporation

                                    By:  /s/ Christine M. Doyle
                                         CHRISTINE M. DOYLE
                                         Attorney for Plaintiff AUDRA HODGES

**ORDER**

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**

Dated:  June 16, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\hodges0342.stip.prot.ord.docx